# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MOHAMED AHMED MOKBEL-ALJAHMI,

    Plaintiff,

v.                                          Case No. 2-16-cv-12075

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Mohamed Ahmed Mokebel-Aljahmi appeals from Defendant Commissioner of Social Security's denial of his application for disability income benefits. Magistrate Judge Mona k. Majzoub issued a Report and Recommendation ("R&R") (Dkt. # 15) advising the court to deny Plaintiff's motion for summary judgment (Dkt. # 12) and grant Defendant's motion for summary judgment (Dkt. # 13). Plaintiff timely filed Objections to the R&R (Dkt. # 16), to which Defendant responded (Dkt. # 18). After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections and adopt the R&R.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g). When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Plaintiff's first objection merely reiterates parts of the argument section from his Motion for Summary Judgment (Dkt. # 13, Pg. ID 1215-1218), attempting to rebrand them as objections to the R&R. (Dkt. #16, Pg. ID 1288,1292-1296.) Plaintiff's few

3

additions to his earlier arguments appear to be nothing other than general objections to the Magistrate Judge's recommendations. Disagreement with the Magistrate Judge's recommendations without any argument as to the specific errors in the Magistrate Judge's analysis is the equivalent of failing to file an objection. See *Wallace v. Comm'r of Soc. Sec.*, No. 15-11839, 2016 WL 4409062, at *2 (E.D. Mich. Aug. 19, 2016).

Further, the arguments Plaintiff advances in his general objections were sufficiently considered and rejected by the Magistrate Judge who concluded that the ALJ's findings were based on substantial evidence in the record. For example, Plaintiff complains that this court should reject the R&R because the ALJ did not incorporate a reaching limitation beyond the overhead limitation. Quoting from Plaintiff's brief, Judge Majzoub expressly considered this argument and rejected it in the R&R. (Dkt. #15, Pg. ID 1272.) Judge Majzoub concluded that the ALJ properly relied on Dr. Mahmood Rahim's opinion[1] that Plaintiff had "normal movement of all extremities" as well as Dr. Dinesh Tanna's opinion[2] that Plaintiff was only limited in his ability to reach overhead. Plaintiff raises no specific objections to Magistrate Judge Majzoub's analysis in the R&R on this point, but merely repeats his brief in opposition to the ALJ's findings. The court will not entertain the rehashing of previous arguments, especially when Plaintiff fails to address the Magistrate Judge's independent analysis of those arguments; Plaintiff's first objection is overruled. *See Janney v. Comm'r of Soc. Sec.*, No. 3:13CV399, 2014 WL 1117826, at *1 (N.D. Ohio March 19, 2014).

---

[1] Dr. Rahim was Plaintiff's treating internist.

[2] Dr. Tanna was the State agency physician who reviewed Plaintiff's case.

## B. Objection Two

Plaintiff argues that a review of the ALJ's decision does not "reveal consideration of the treating psychiatrist's opinions" and that the Magistrate Judge was wrong to conclude that the ALJ's consideration was sufficient. (Dkt. # 16 Pg. ID 1295). An ALJ is required to give good reasons for affording a treating-source opinion anything less than controlling weight. *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (2011). Contrary to Plaintiff's claim, the ALJ did not "ignore part of the [psychiatrist's] opinion." Rather, the ALJ and Magistrate Judge Majzoub detailed how the treating psychiatrist's, Dr. Al-Najjar, opinion was inconsistent with the totality of the evidence and accordingly entitled to less weight. (*See* R&R, Pg. ID 1278.) Moreover, the ALJ cited to Dr. Al-Najjar's opinion and discussed Dr. Al-Najjar's conclusions in his analysis demonstrating that he reviewed all of Dr. Al-Najjar's findings before determining that they were inconsistent with the totality of the evidence. For those portions of Dr. Al-Najjar's opinion that the ALJ determined were *not* inconsistent with the record, Judge Majzoub noted that the ALJ adequately incorporated them in his recommendation. For instance, the ALJ included limitations on Plaintiff's interaction with the general public and his decision-making in the work place as a result of Dr. Al-Najjar's documentation of Plaintiff's memory and concentration problems. Plaintiff's second objection is overruled.

## C. Objection Three

Plaintiff next objects because the R&R should not have accepted the ALJ's finding that Plaintiff's subjective complaints were not credible. Judge Majzoub reviewed

and discussed the ALJ's reasons for finding that Plaintiff was not credible. Plaintiff does not engage with Judge Majzoub's analysis in his objections, but rather reiterates his same criticisms of the ALJ that he raised in his Motion of Summary Judgment brief. In the R&R, Judge Majzoub emphasized portions of the ALJ's report in which the ALJ provided ample reasons for discrediting Plaintiff. For instance, Plaintiff testified that he required a cane to ambulate, but Dr. Bassam Maaz[3] and the consultive examiner both indicated that Plaintiff could walk without difficulty. Perhaps most damning of the evidence highlighted by Judge Majzoub and the ALJ is a report by Dr. Nick Boneff[4] in which he concluded that Plaintiff's low scores on his IQ test were due to "insufficient effort on his part." Judge Majzoub did not err in concluding that the ALJ's finding as to Plaintiff's credibility is supported by substantial evidence in the record; Plaintiff's third objection is overruled.

### C. Objection Four

In Plaintiff's fourth objection, he briefly argues that the ALJ did not carry the Commissioner's burden of proof at Step Five in the social security disability determination process. See 20 C.F.R. § 404.1520(a)-(f). However, Plaintiff provides no independent reason for why Judge Majzoub was wrong to conclude that the ALJ did carry such burden other than to state that "the RFC should not in fact be sustained, for the reasons discussed." "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate

---

[3] Dr. Maaz is a neurologist who examined Plaintiff.

[4] Dr. Boneff is a psychologist who examined Plaintiff.

6

Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). Plaintiff's fourth and final objection is overruled.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections (Dkt. # 16) are OVERRULED and the Magistrate Judge's report and recommendation (Dkt. # 15) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. # 12) is DENIED and Defendant's Motion for Summary Judgment (Dkt. # 13) is GRANTED.

                     s/Robert H. Cleland
                     ROBERT H. CLELAND
                     UNITED STATES DISTRICT JUDGE

Dated: September 26, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 26, 2017, by electronic and/or ordinary mail.

                     s/Lisa Wagner
                     Case Manager and Deputy Clerk
                     (810) 292-6522